UNITED STATES of America

v.

**John F. GOLDEN, Jr.**
**Crim. A. No. 62–170.**

United States District Court
D. Massachusetts.

Dec. 8, 1964.

W. Arthur Garrity, Jr., U. S. Atty., John P. Sullivan, Asst. U. S. Atty., Boston, Mass., for plaintiff.

James D. St. Clair, Blair L. Perry, Hale & Dorr, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

The indictment in this case was returned on May 22, 1962. The case has not been inactive. The defendant has now filed a motion to dismiss the indictment on the grounds that the grand jury which returned it was not selected or summoned in accordance with the law.

28 U.S.C. § 1861 declares who are competent to serve as jurors. Paragraph numbered "(4)" which allowed this court to recognize a declaration of incompetence by the law of the state in which the district court is held was withdrawn from the statute in 1957. It is the withdrawal of this section that has prompted the attack in this and many other criminal cases pending in this court. The question presented is: "Does the withdrawal of paragraph '(4)' compel this court to include in its jury lists those persons who are exempted from jury duty under Mass.G.L. c. 234 § 1?"

It is only by equating "incompetency to serve" with "exemption from service" that the defendant's argument can have any validity, but they are not the same. A person who is incompetent to serve cannot serve; a person who is exempted from jury duty may serve. Munroe v. Brigham, 19 Pick. 368, 36 Mass. 368, has held that exemption is a personal matter which can be waived.

Since this court has existed, it has recognized the exemptions provided by G.L. c. 234 § 1 as reasonable and there is no evidence now that by not including the exemptees in the jury lists of this court that any one is conducting a systematic and intentional exclusion from the jury lists of any particular economic, social, religious, racial, geographical or political group.

In denying the motion to dismiss the indictment, I rule as a matter of law that the withdrawal of paragraph "(4)" from 28 U.S.C. § 1861 called for no change in this court's method of drawing jurors. I further rule as a matter of law that the failure to include in our jury lists those persons exempted under Mass.G.L. c. 234 § 1 in no way violates any constitutional right of this defendant.